UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  Morris W Sampson, III<br>                    Debtors<br><br>SN Servicing Corporation as<br>Servicer for U.S. Bank Trust<br>National Association, as Trustee of<br>the Bungalow Series IV Trust<br>                    Movant<br>v.<br><br>Morris W Sampson, III<br>Kenneth E. West - Trustee<br>                    Respondents | Case No.: 21-10044-amc<br><br>Chapter: 13<br><br>Judge:  Ashely M. Chan<br><br>Hearing Date: September 13, 2022<br>at 11:00 am<br><br>Objection Deadline: August 31, 2022 |

**MOTION FOR RELIEF FROM THE
AUTOMATIC STAY**

SN Servicing Corporation as Servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust (together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362(d)(1), vacating the automatic stay to permit Movant to enforce its mortgage on the Debtor's premises located at 9 Concord Road, Borough of Darby, PA 19023 (the "Property") and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1.      Movant is the holder of a Note executed by the Debtor and dated January 11, 2006, whereby the Debtor promised to repay $75,650.00 plus interest to Alta Financial Mortgage (the "Original Lender").  To secure the repayment of the Note, the Debtor executed a Mortgage in favor of Original Lender, encumbering the Property, which was recorded in Recorder of Deeds

Office in Delaware County, Pennsylvania under Book 03728, Page 1981. The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage. The Debtor entered into a Loan Modification Agreement, effective May 1, 2011 with previous servicer Chase Home Finance, LLC, that created a new principal balance of $79,706.12. Debtor entered into a second Loan Modification Agreement with previous servicer JPMorgan Chase Bank, N.A. effective May 1, 2014 that created a new principal balance of $72,404.74. A copy of the Note, Mortgage, Assignments of Mortgage and Loan Modification Agreement are attached hereto as **Exhibit A**.

2. A Petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on January 7, 2021.

3. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**5.** The Debtor's Chapter 13 Plan was confirmed by an Order entered by this Court on July 13, 2021. The default on Movant's loan constitutes a default on the terms of the Confirmation Order.

6. The Debtor has failed to make current mortgage payments due to Movant under the terms of the Loan Modification Agreement. As a result, the Mortgage remains post-petition due for April 1, 2022.

7. Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

8. Specifically, courts have found cause for the granting of relief from an automatic

stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Michael Lancelot Taylor*, 151 B.R. 646,648 (Bankr. E.D.N.Y. 1993).

9. Plaintiff incurred attorney's fees in the amount of $1,050.00 and filing costs of $188.00 in connection with filing and prosecuting of this motion for relief and seeks recovery of those amounts in order to cure the post-petition default.

10. Since grounds exist to vacate the stay in Debtor's case, Movant therefore requests that the automatic stay imposed under 11 U.S.C. § 362(a) be modified and terminated for cause to permit Movant to pursue its rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1); and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated: August 17, 2022

> By: /s/ Lauren M. Moyer
> Lauren M. Moyer, Esquire
> FRIEDMAN VARTOLO LLP
> Attorneys for Movant
> 1325 Franklin Avenue, Suite 160
> Garden City, New York 11530
> T: (212) 471-5100
> F: (212) 471-5150
> Bankruptcy@FriedmanVartolo.com